UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| JANE DOE, | ) | |
|     Plaintiff, | ) | |
| | ) | No. 1:21-cv-1071 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| CALVIN UNIVERSITY, *et al.*, | ) | |
|     Defendants. | ) | |
| | ) | |

## OPINION AND ORDER DENYING MOTION TO DISMISS

In 2020, Plaintiff Jane Doe attended Calvin University in Grand Rapids, Michigan. Calvin University offered a study abroad program in the Philippines with Silliman University, a private university in Dumaguete, Philippines. Silliman University selected some of its students to serve as "buddies" for the Calvin University students. Near the end of the program, the students attended a dinner on the Silliman campus. After the dinner, the Silliman students invited the Calvin students to a local bar and club. One of the Silliman students laced or spiked Plaintiff's drink and later escorted her back to the hotel where he sexually assaulted Plaintiff.

Plaintiff filed this lawsuit against Calvin University, Silliman University, and Dr. Dwight TenHuisen, the sponsor the study-abroad program. Plaintiff pleads eight causes of action under Michigan law. As her ninth cause of action, Plaintiff pleads a violation of Title IX against Defendant Calvin University.

Defendant Calvin University (Defendant) filed this motion to dismiss under Rule 12(b)(6) (ECF No. 8).[1] Calvin University argues that Title IX does not apply outside of the United States. A careful reading of the complaint, which Plaintiff makes clear in her response, establishes that Calvin University has misconstrued the claim. Plaintiff pleads deliberate indifference in the administration of the program, a claim based on Calvin University's conduct in the United States. The Court will, therefore, deny the motion to dismiss.

I.

Under the notice pleading requirements, a complaint must contain a short and plain statement of the claim showing how the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); see *Thompson v. Bank of America, N.A.*, 773 F.3d 741, 750 (6th Cir. 2014). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. See *Ashcroft v. Iqbal*, 556 U.S. 662, 768 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A defendant bringing a motion to dismiss for failure to state a claim under Rule 12(b)(6) tests whether a plaintiff pleads a cognizable claim. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

To survive a motion to dismiss, a plaintiff must allege facts sufficient to state a claim for relief that is "plausible on its face" and, when accepted as true, are sufficient to "raise a

---

[1] Counsel filed the motion on behalf of both Calvin University and TenHuisen. Plaintiff, however, did not include TenHuisen as a defendant in the description of her Title IX claim (ECF No. 1 Compl. ¶¶ 147-160 PageID.26-28).

right to relief above the speculative level." *Mills v. Barnard*, 869 F.3d 473, 479 (6th Cir. 2017) (citation omitted). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 556). "The complaint must 'contain either direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory.'" *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 774 (6th Cir. 2015) (citation omitted). When considering a motion to dismiss, a court must accept as true all factual allegations, but need not accept any legal conclusions. *Ctr. for Bio-Ethical Reform*, 648 F.3d at 369.

## II.

### A.

In her complaint, Plaintiff offers statistics about incidents of sexual assaults on university campuses generally (Compl. ¶¶ 34-28 PageID.6-7) and also about sexual assaults at Calvin University (*id.* ¶¶ 39-42 PageID.7-8). Plaintiff also describes Calvin University's policies concerning student safety and protection against sexual assault. She pleads that the policies are "outdated and not readily available and accessible for students" (*id.* ¶ 23 PageID.4). While the study-abroad program policies required pre-Program training and education concerning the risks of sexual assault and sexual harassment (*id.* ¶ 24 PageID.5), Calvin University failed to follow its own policy and procedures (*id.* ¶ 26 PageID.5). Plaintiff alleges that "[d]espite the requirements and protocols set forth in the Sexual Assault Protocol,

the orientation session did not address reducing vulnerability to sexual assault and/or harassment" (*id.* ¶ 49 PageID.9).

For her Title IX claim, Plaintiff pleads that Calvin University was responsible for establishing and implementing polices and procedures concerning the security and safety of students, including adequate supervision, staff training and education of the program participants relevant to the risks of sexual assault and harassment (Compl. ¶ 153 PageID.26-27). Plaintiff pleads that Calvin University's conduct amounted to deliberate indifference by, among other things, (1) maintaining outdated and inadequate sexual assault and harassment policies, (2) failing to provide adequate training and guidance for staff concerning the study-abroad programs, (3) failing to provide adequate orientation for students in the study-abroad programs which were necessary for protection against sexual assault and harassment, and (4) failing to require the implementation of safety protocols during the study-abroad program (*id.* ¶ 154 PageID.27).

B.

Defendant insists that Title IX does not apply extraterritorially and requests dismissal of the Plaintiff's Title IX claim.

Title IX provides that "[n]o person in the United States shall on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance, ...." 20 U.S.C. § 1681(a). "This statute has spawned various theories of liability and provides relief broadly to those who face discrimination on the basis of sex in the American education system." *Doe v. Univ. of Kentucky*, 971 F.3d 553, 557 (6th Cir. 2020). Our Supreme Court has held that

an entity receiving federal funds may violate Title IX through an administrative enforcement scheme that amounts to deliberate indifference. *See Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998). Circuit courts, including the Sixth Circuit, have recognized as viable a Title IX "'before" claim, based on the deliberate indifference that occurred before a student-on-student incident. *Doe v. Metro. Gov't of Nashville and Davidson Cty., Tennessee*, 35 F.4th 459, 464-66 (6th Cir. 2022). Title IX also protects "after" claims based on deliberate indifference that occurs after a student-on-student incident. *See, id.* at 466-67.

Neither the Supreme Court nor any circuit court has determined whether Title IX applies to incidents that occur outside the United States. Interpreting a different statute, the Supreme Court noted a "longstanding principle of American law that legislation of Congress, unless a contrary intent appears, is meant to apply only within the territorial jurisdiction of the United States." *Morrison v. National Australia Bank, Ltd.*, 561 U.S. 247, 255 (2010) (internal quotation marks omitted; quoting *EEOC v. Arabian American Oil, Co.*, 499 U.S. 244, 248 (1991)); *see RJR Nabisco, Inc. v. European Cmty.*, 579 U.S. 325, 335 (2016) (referring to the "cannon of statutory construction know as the presumption against extraterritorialty"). The majority of district courts have found that Title IX does not apply to incidents outside of the United States. *E.g., Zonshayn v. Sackler Sch. of Med.*, —F. Supp. 3d—, 2023 WL 24379, at *6 (S.D.N.Y. Jan. 3, 2023) ("Here, far from rebutting the presumption against extraterritoriality, the plaint text of Title IX makes clear that the statute applies only to domestic conduct:...."); *Doe T.L.J. v. Univ. of Central Missouri*, No. 4:20cv714, 2020 WL 7700101, at *2 (W.D. Mo. Dec. 28, 2020) ("As such, the Court finds that Title IX does not apply extraterritorially."); *Phillips v. St. George's Univ.*, No. 07cv1555,

2007 WL 3407728, at *5 (E.D.N.Y. Nov. 15, 2007) ("Therefore, I conclude that Congress did not intend for Title IX to apply extraterritorially...."). The only district court to reach the opposite conclusion issued its opinion before *Morrison*. *See King v. Bd. of Control of Eastern Michigan Univ.*, 221 F. Supp. 2d 783, (E.D. Mich. 2002). The Court finds persuasive the reasoning in *Zonshayn*, *Doe T.L.J.*, and *Phillips*. The Court concludes that Title IX does not rebut the presumption against extraterritorial application. *See RJR Nabisco*, 579 U.S. at 337. The Court declines to follow the holding in *King*.

The conclusion that Title IX does not apply to events that occur outside of the United States does not provide Defendant any relief. Plaintiff pleads a before or pre-assault claim based on a policy of deliberate indifference. (ECF No. 15 Pl. Resp. at 6 PageID.265.) Defendant's conduct or lack of conduct giving rise to Plaintiff's Title IX claim occurred in the United States. In its reply, Defendant identifies, for the first time, other potential problems with Plaintiff's Title IX claim. Defendant argues that Plaintiff failed to plead that it had any prior knowledge of sexual assaults in study-abroad programs (ECF No. 22 Def. Reply at 2 PageID.355) or that it had any knowledge that the perpetrator posed a risk or danger to Calvin students (*id.* at 2-3 PageID.355-56; at 5 PageID.358). The Court declines to consider new arguments raised in a reply brief that were not raised in the initial brief and motion. *See Stillwagon v. City of Delaware*, 175 F. Supp. 3d 874, 890 (S.D. Ohio 2016) ("The Court can disregard arguments that are made for the first time in a reply brief."); *Malin v. JPMorgan*, 860 F. Supp. 2d 574, 577 (E.D. Tenn. 2012) ("It is well-settled that a movant cannot raise new issues for the first time in a reply brief because consideration of such issues

'deprives the non-moving party of its opportunity to address the new arguments.'") (citation omitted).

### III.

Plaintiff pleads a Title IX claim based on Defendant Calvin University's policy of deliberate indifference to the risk of sexual assault. The conduct giving rise to the claim occurred in the United States. That Plaintiff was sexually assaulted in a foreign country during her study-abroad program does not establish that she can maintain her claim only through extraterritorial application of Title IX. Accordingly, Defendant has not established a reason for the Court to dismiss Plaintiff's Title IX claim.

### ORDER

For the reasons provided in the accompanying Opinion, the Court **DENIES** Defendant Calvin University's motion to dismiss (ECF. No. 8). **IT IS SO ORDERED.**

Date: __March 28, 2023__  /s/  Paul L. Maloney
                                                                               Paul L. Maloney
                                                                               United States District Judge