IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JANE DOE,<br><br>      Plaintiff,<br><br>v.<br><br>CALVIN UNIVERSITY,<br>SILLIMAN UNIVERSITY, [1] and<br>DWIGHT TENHUISEN,<br><br><br>      Defendants. | Case No. 1:21-cv-1071<br><br>Hon. Paul L. Maloney |

### PROTECTIVE ORDER AND ORDER FOR RELEASE OF DISCOVERABLE MATERIALS OTHERWISE COVERED BY THE FAMILY EDUCATIONAL RIGHTS AND PRIVACY ACT AND HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT

The parties expect the disclosure of documents in this case to involve the exchange of sensitive information, including, inter alia, Plaintiff's identity and personal information, medical information, financial information, personally identifying information with respect to students or employees, education records, medical records and other information that may be covered by the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g, 34 C.F.R. Part 99, the Health Insurance Portability and Accountability Act, 29 U.S.C § 1181 et seq., or other federal or state law. In order to permit discovery, the parties stipulate and agree to, and the Court finds good cause for, entry of a Protective Order and Order for Release of discoverable materials otherwise protected by FERPA, HIPAA or other law pursuant to Federal Rule of Civil Procedure 26(c) ("Protective Order").

---

[1] On July 16, 2024, the Court entered its Opinion and Order granting Defendant Silliman University's motion to dismiss for lack of jurisdiction. ECF No. 36.

1

It is hereby ordered that:

**1.     Scope**. All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. Any party or non-party (the "Producing Entity") may designate information, documents, or things as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**2.     Form and Timing of Designation.**

    **a.     Documents And Written Materials.** The Producing Entity shall designate any document or other written materials as confidential pursuant to this Order by marking each page of the material with a stamp identifying it as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," if practical to do so. The person or entity designating the material shall place the stamp, to the extent possible, in such a manner that it will not interfere with the legibility of the document. Materials shall be so-designated prior to, or at the time of, their production or disclosure.

    **b.     Electronically Stored Information ("ESI"):** If a production response includes ESI, the Producing Entity shall make an effort to include within the electronic files themselves the designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to the extent practicable. If that is not practicable, then the Producing Entity shall designate in a transmittal letter or email to the party to whom the materials are produced (the "Receiving Party") using a reasonable identifier (e.g., the Bates range) any portions of

the ESI that should be treated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

3. **Documents Which May be Designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.** Any party may designate documents as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, Protected Health Information as defined by 45 CFR § 160.103, trade secrets, personnel records, education records, or such other sensitive information that is not publicly available. Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. If non-confidential information is contained in or otherwise derived from confidential materials, any portion that consists solely of non-confidential information shall not be confidential for purposes of this Order. If a party receives information in discovery and believes it should have been marked by the producing party as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER and was not, the receiving party shall notify the producing party as soon as practical and request that the material be reproduced with the appropriate marking. Any dispute of such a request shall be subject to the provisions of paragraph 8, below.

4. **Subpoenas**. A copy of this Protective Order shall be served with any subpoena seeking documents or information from a non-party. If a party is served with a subpoena or similar process, from any person or entity whatsoever, directing that party to produce any materials designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" by another party, counsel for that party shall immediately give counsel for the Producing Entity written notice of

such service so that the designating party may seek a protective order or otherwise act to protect the confidentiality of the designated materials.

5. **Depositions**. Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within THIRTY (30) days after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected, except that any exhibit that has previously been marked as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" at the time of production, and which still bears that mark at the time of its use in a deposition, shall be presumed to be confidential under this Order without further designation. If a Producing Entity designates deposition materials as "Confidential" on the record, the court reporter shall indicate on the cover page that the transcript includes "Confidential" information and shall list the pages and line numbers and/or exhibits of the transcript where such information is contained.

6. **Medical Information.** The parties shall treat as confidential any information related to the medical condition, history and/or treatment of any person identified by the parties as having information relevant to this litigation, regardless of the method by which such information was obtained and regardless of whether such information has been disclosed in any manner prior to the date of this Order. If any such information is responsive to any of the parties' discovery requests, the responding party shall mark such information as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER when including such information in discovery responses.

7. **Protection of Confidential Material.**

   a. **General Protections**. All information designated "Confidential" and subject to this Protective Order, including all information derived therefrom, shall be used by the Receiving Party solely for purposes of prosecuting or defending this Action. The

Receiving Party shall not use or disclose the Confidential Information for any other purpose, including but not limited to any business, commercial, or competitive purpose. Except as set forth in this Order, the Receiving Party shall not disclose Confidential Information to any third party. This Order shall not prevent the Producing Entity from using or disclosing information it has designated as Confidential Information, and that belongs to the Producing Entity, for any purpose that the Producing Entity deems appropriate, except that the Producing Entity's voluntary disclosure of Confidential Information outside the scope of this Action may impact the protection that this Order would otherwise provide with regard to such information, once disclosed.

    **b.** **Limited Third-Party Disclosures**. The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth in subparagraphs (i)–(viii). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER:

    **i. Court.** The Court and the Court's staff;

    **ii. Counsel.** Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

    **iIi. Parties.** Parties;

    **iv. Employees.** Employees of a party to this Order who have a reasonable need to view or handle designated documents in furtherance of the preparation and trial of the action;

      **v. Court Reporters and Recorders**. Court reporters and recorders engaged for depositions;

      **vi. Mediators.** Any mediator used in an attempt to resolve this litigation;

      **vii. Witnesses.** Witnesses or potential witnesses (and their counsel) in preparation for or during the course of depositions, hearings, interviews, or trial in this action. Review of documents for preparation purposes shall be permitted only to the extent that the review of any particular document is necessary for the witness' preparation and only after such persons have, in advance of disclosure, completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

      **viii. Designated Experts.** Designated experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons, in advance of disclosure, have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

      **ix. Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall, in advance of disclosure, execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

    **c.**    **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER pursuant to the terms of this

Order. Counsel shall maintain the forms signed by persons acknowledging their obligations under this Order for a period of one (1) year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

      **d.**      **Copies**. Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" if the words do not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order.

      **e.**      **Inadvertent Production.** The inadvertent or unintentional disclosure by a Producing Entity supplying confidential discovery material, regardless of whether such discovery material was designated as "Confidential," shall not be deemed a waiver in whole or in part of the Producing Entity's claim of confidentiality with respect to the discovery material disclosed, provided that the Producing Entity making such inadvertent or unintentional disclosure notifies the receiving parties forthwith, but in no event later than thirty (30) days after it learns of such inadvertent or unintentional disclosure. If discovery material was disclosed and is subsequently designated as "Confidential," the Producing Entity shall make good faith efforts to preserve the "Confidential" nature of such discovery material and to obtain compliance with this Order from any person to whom such discovery material was disclosed.

**8.**      **Protection of Plaintiff's Identity in Filings**. "Plaintiff's Identity" means Plaintiff's personally identifiable information including: (1) names and aliases used at any time;

(2) date of birth; (3) social security number; (4) current and prior addresses; (5) phone numbers and email addresses, and social media or online user account names; (6) Plaintiff's likeness; and (7) the names of Plaintiff's biological or adoptive parents, and biological siblings. In all briefs, memorandum, pleadings, or other court filings, the parties shall protect the confidentiality of Plaintiff's Identity.  The parties shall refer to Plaintiff as "Jane Doe" and identify Plaintiff's family members by alias.  To the extent any document not marked as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER is referenced or attached to a court filing and contains identifying information about Plaintiff's Identity or her family members, the parties shall redact the identifying information. Nothing in this Protective Order shall prevent any party from seeking further protections or modifications of this Protective Order for the trial or litigation of this action.

9. **Filing of "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" Documents Under Seal**. To the extent that a brief, memorandum, pleading, or other court filing references any document marked as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, then the brief, memorandum, pleading, or other court filing shall refer the Court to the particular document filed under seal without disclosing the contents of any confidential information. Any motion to file a document subject to this Order under seal must meet the Sixth Circuit's standard set forth in *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). The burden of demonstrating the need for and appropriateness of a sealing order is borne by the moving party, and requires the moving party to analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations. Regardless of whether the parties agree, it remains the Court's independent obligation to determine whether a seal is appropriate for any given document or portion thereof. Any proposed sealing, even when compelling reasons exist, must be narrowly tailored to serve the compelling reasons.

  **a.** Before any document marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" is filed under seal with the Clerk, the filing party shall first consult with the party that originally designated the document as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER to determine whether, with the consent of that party, the document or a redacted version of the document may be filed with the Court not under seal.

  **b.** Where agreement is not possible or adequate, a CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER document shall be filed in accordance with Local Rule 10.6 (Sealed Documents) of the United States District Court for the Western District of Michigan and any other procedures set forth in the presiding judge's standing orders or other relevant orders.

  **c.** To the extent that it is necessary for a party to discuss the contents of any confidential information in a document filed with the Court, then such portion of the document may be filed under seal with leave of Court. In such circumstances, counsel shall prepare two versions of the document, a public and a confidential version. The public version shall contain a redaction of references to CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents. The confidential version shall be a full and complete version of the document and shall be filed under seal in accordance with Local Rule 10.6 (Sealed Documents) of the United States District Court for the Western District of Michigan and any other procedures set forth in the presiding judge's standing orders or other relevant orders.

**10.** **Challenges by a Party to Designation as Confidential**. Any CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any party or

nonparty with standing to object (hereafter "party"). Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. The parties shall meet and confer within five (5) business days of receipt of the objection. If agreement is reached confirming or waiving the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

11. **Action by the Court**. *If any party to the above-captioned case believes another to be in violation of this Order, they must notify the alleged party of the violation as soon as practicable. The alleging party shall have an obligation to meet and confer in good faith to remedy the violation constructively and promptly, before they may be permitted to petition this Court for contempt proceedings or sanctions. The parties shall meet and confer within five (5) business days of receipt of the notice of alleged violation. Motions for non-punitive remedy, such as striking or redacting erroneously filed materials, shall not require prior conferral.*

Applications to the Court for an order relating to any documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER shall be by motion under Local Rule 7.1 and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

12. **Use of Confidential Documents or Information at Trial or Evidentiary Hearings.** All trials and evidentiary hearings are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during

the trial or evidentiary hearing. The parties shall confer in advance of the trial or evidentiary hearing in an effort to determine if it is possible to minimize the disclosure of confidential documents or information. The Court may make such orders as are necessary to govern the use of such documents or information at trial.

      13.    **Information Made Public or Received from a Third Party**. Notwithstanding anything to the contrary herein, the parties to the above captioned case shall have no obligation under this Order with respect to information that:

          **a.**    Is or becomes publicly available (except as by unauthorized disclosure); or

          **b.**    Is received from a third-party who is rightfully in possession of such information and who has the right to disclose it.

      14.    **Obligations on Conclusion of Litigation.**

          **a.**    **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

          **b.**    **Destruction or Return of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents.** Within thirty (30) days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order, including copies as defined in ¶ 7(d), shall be returned to the producing party or the producing party's counsel or representative or destroyed, unless: (1) otherwise ordered by the Court for good cause shown, (2) the return or destruction of such materials is prohibited by law, or (3) the document has been offered into evidence or filed without restriction as to disclosure. If designated documents are destroyed, the receiving party shall furnish to the producing party a certificate of destruction. However, outside counsel for any party shall be entitled

to retain all court papers, trial transcripts, exhibits and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

      **c. Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the party who originally produced the documents filed under seal or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

15.    **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rule 7.1 and the presiding judge's standing orders or other relevant orders.

16.    **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

17.    **No Superseded Laws**. This Order in no way alters or supersedes the parties' responsibilities under this Court's Electronic Filing Policies and Procedures, or any other applicable confidentiality laws, rules or regulations.

18.    **Persons Bound**. This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

**19.** **Further Limits of this Order.** Entering into, agreeing to, and/or complying with the terms of this Order shall not:

**a.** Prejudice in any way the rights of any party to object to the production of documents or information it considers non-discoverable, or to seek a Court determination whether particular discovery materials should be produced;

**b.** Prejudice a party from seeking modification or rescission of this Protective Order;

**c.** Prejudice a party from seeking further protection of any confidential information; or

**d.** Prevent a party from objecting on any ground to the admission into evidence, at any trial, hearing, or public proceeding in this matter, of any type or classification of information produced or disclosed pursuant to this Order.

**20.** Nothing in this Order shall prevent non-parties from asserting their own privacy rights in documents held by the parties, including but not limited to those rights provided by FERPA, nor shall this Order prevent Defendants from fulfilling the obligations and responsibilities regarding student privacy placed on them by FERPA.

**IT IS SO ORDERED.**

**Dated: September 3, 2024**                    */s/ Ray Kent*
                                                Ray Kent, U.S. Magistrate Judge

Date:   August 28, 2024                                   Respectfully Submitted By:

SO STIPULATED AND AGREED


By: */s/Esther C. Yahnig*                                 By:  */s/ Christina L. Corl*
ESBROOK P.C.                                              PLUNKETT COONEY
Esther C. Yahnig                                          Sandra J. Densham   616-752-4627
Taras Garapiak (admission pending)                        Christina L. Corl   614-629-3018
321 N. Clark Street, Suite 1930                           Timothy F. Sheridan   616-752-4619
Chicago, IL 60654                                         Attorneys for Defendants
Telephone: 312.319.7681                                   333 Bridge Street, NW, Suite 530
esther.yahnig@esbrook.com                                 Grand Rapids, MI  49504
taras.garapiak@esbrook.com                                sdensham@plunkettcooney.com
                                                          ccorl@plunkettcooney.com
***Co-Counsel for Plaintiff Jane Doe***                   tsheridan@plunkettcooney.com

                                                          ***Counsel for Defendants***

By: */s/ Connie Thacker*
THACKER SLEIGHT
Allison Elizabeth Sleight
Connie Thacker
44 Cherry Street SE
Grand Rapids, Michigan 49503
Telephone:616.888.3810
allison@thackersleight.com
connie@thackersleight.com

***Co-Counsel for Plaintiff Jane Doe***

14

**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| JANE DOE,<br><br>      Plaintiff,<br><br>v.<br><br>CALVIN UNIVERSITY,<br>SILLIMAN UNIVERSITY, and<br>DWIGHT TENHUISEN,<br><br>      Defendants. | Case No. 1:21-cv-1071<br><br>Hon. Paul L. Maloney |

**ACKNOWLEDGMENT OF UNDERSTANDING AND**
**AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in, *Jane Doe v. Calvin University et al.*, Civil Action No. 1:21-cv-1071 (W.D. Mich) and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Western District of Michigan in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Dated: _____

_____
(Signature)

_____
(Print Name)

_____
(Job Title)

_____
(Home or Business Address)

_____
(Home or Business Address Continued)